UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERMA J. ALANIZ,                         No. 2:05-cv-02576-MCE-DAD

       Plaintiff,

   v.                                   MEMORANDUM AND ORDER

ROBERT M. PEPPERCORN, M.D.,
INC. and ROBERT M. PEPPERCORN,

       Defendants.

----oo0oo----

Plaintiff Erma Alaniz ("Alaniz") submitted a Bill of Costs in the above-referenced matter, pursuant to 28 U.S.C. § 1920, following a jury verdict in favor of Alaniz reached on June 26, 2008.[1]  While Defendants do not dispute the Alaniz's entitlement to costs as the prevailing party in this litigation, they do take issue with certain categories of costs claimed by Alaniz, arguing that those items are unreasonable and/or unnecessary and should consequently not be allowed.

---

[1] The Bill lists $12,792.91 in total costs.

1

The Court has reviewed Alaniz's Bill of Costs, along with the documentation submitted in support thereof, and has further reviewed Defendants' objections. Costs are awarded to Alaniz as set forth below.

**STANDARD**

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs". As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion. Association of Mexican-American Educators v. State of Calif., 231 F.3d 572, 591-92 (9th Cir. 2000). If the Court declines to award costs as requested by the prevailing party, however, it should specify its reasons for doing so. Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002). Claims for cost items not properly documented will generally not be allowed. English v. Colorado Dept. Of Corrections, 248 F.3d 1002, 1013 (10th Cir. 2001).

**ANALYSIS**

Defendants first object to hotel expenses of $997.92 incurred by Plaintiff's counsel. Although Rule 54(d) allows broad discretion to courts to award costs, the court may not tax costs beyond those authorized by 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441 (1987).
///

It is well established that an attorney's expenses in attending both court proceedings are not recoverable as costs. <u>Wahl v. Carrier Mfg.. Co., Inc.</u>, 511 F.2d 209, 217 (7th Cir.1975). Accordingly, Plaintiff may not recover $997.92 of hotel expenses included in the Bill of Costs.[2]

Next, Defendants object to Counsel's online research fees of $9.95. Those costs will not be taxed because the expense of computerized legal research are properly deemed as a component of the attorney's fee rather than a reimbursable cost under the purview of 28 U.S.C. § 1920. See <u>Invessys Inc. v. McGraw-Hill Cos., Ltd.</u>, 369 F.3d 16, 22-23 (1st Cir.2004). Additionally, conference call costs in the amount of $47.96 will not be taxed because they do not fall under the provisions listed in § 1920.

Finally, Defendants contest $750 in charges associated with the re-service of subpoenas on witnesses to appear at trial. Section 1920 allows costs associated with service of subpoenas to be taxed, and Defendants do not offer argument as to why re-service is unreasonable. The Court will allow the costs associated with the service of these subpoenas to remain in Plaintiff's Bill of Costs.

///
///
///
///
///

---

[2] Defendant also objects to $15 in parking fees incurred by Plaintiff's Counsel during the trial. This cost is associated with expenses in attending court proceedings and may not be taxed.

**CONCLUSION**

Given the foregoing, costs are taxed in favor of Alaniz in the sum of $11,722.08.

IT IS SO ORDERED.

Dated: August 8, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4