UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMA J. ALANIZ, | No. 2:05-cv-02576-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| ROBERT M. PEPPERCORN, M.D., INC. and ROBERT M. PEPPERCORN, M.D., | |
| Defendants. | |

----oo0oo----

Defendants Robert M. Peppercorn, M.D. Inc. and Robert M. Peppercorn, M.D. ("Defendants") move for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), following the jury's verdict in favor of Plaintiff Erma J. Alaniz ("Plaintiff) on June 26, 2008, and judgment rendered in accordance with that verdict on June 30, 2008.  According to Defendants, because the jury instruction provided with respect to the prerequisites for actionable retaliation under the California Fair Employment and Housing Act ("FEHA") did not comport with applicable California law, the verdict in favor of Plaintiff on her FEHA claim must be overturned.

1

Specifically, Defendants contend that in opposing allegedly wrongful conduct as a result of which retaliation has purportedly occurred, the conduct must necessarily have been unlawful. Defendants maintain that because the jury instruction for retaliation under FEHA failed to make that clear, the jury's verdict in favor of Plaintiff on FEHA-based retaliation was in error.

Rule 50(b), by its terms, allows a party, after trial, to "renew" a motion for judgment as a matter of law "made at the close of all the evidence."[1]  A party cannot raise arguments in its post-trial Rule 50(b) motion that it did not raise beforehand in a Rule 50(a) motion offered during trial itself. See Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003). Like a pre-verdict motion for judgment as a matter of law under Rule 50(a), a post-verdict Rule 50(b) motion tests the sufficiency of the evidence offered in support of a party's claims. Keenan v. Computer Assocs. Int'l, 13 F.3d 1266, 1268-69 (8th Cir. 1994). Judgment as a matter of law is proper if "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002). A motion for judgment as a matter of law should be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that a decision in that party's favor is mandated. See Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1387 (5th Cir. 1996).

---

[1] The record indicates here that Defendants made a pre-verdict Motion for Judgment as a Matter of Law at the close of Plaintiff's case, thereby satisfying the prerequisite for bringing the present post-trial Motion.

1    The Court rejects Defendants' argument that the proffered
2 FEHA jury instruction on retaliation was improper.  Contrary to
3 Defendants' contention, the California Supreme Court's decision
4 in <u>Yanowitz v. L'Oreal USA, Inc.</u>, 36 Cal. 4th 1028 (2005) does
5 not stand for the proposition that the objective reasonableness
6 of an individual's belief that he or she is opposing wrongful
7 conduct does not hinge upon whether the conduct in question
8 technically violates the law.  In fact, the <u>Yanowitz</u> court found
9 that actionable retaliation based on complaints of unlawful
10 conduct can occur even when a court later determines the conduct
11 was not in fact prohibited under FEHA.  <u>Id</u>. at 1043.  In so
12 finding, the court stressed that "[e]mployees often are legally
13 unsophisticated and will not be in a position to make an informed
14 judgment as to whether a particular practice or conduct *actually*
15 violates the governing antidiscrimination statute."  <u>Id</u>.
16 (emphasis in original).  The California Supreme Court carefully
17 explained that holding otherwise would permit an employer to
18 impermissibly "retaliate against an employee with impunity
19 whenever the employee's reasonable belief turns out to be
20 incorrect."  <u>Id</u>.  Moreover, imposing such a requirement would,
21 in the court's view, "significantly discourage employees from
22 opposing incidents of discrimination, thereby undermining the
23 fundamental purposes of the antidiscrimination statute."  <u>Id</u>.
24    The California Supreme Court expressed similar views in
25 another decision decided about the same time as <u>Yanowitz</u>, <u>Miller
26 v. Dep't of Corrections</u>, 36 Cal. 4th 446 (2005).
27 ///
28 ///

1 There, the court also recognized that an employee's reasonable
2 belief that discrimination is occurring is not negated by the
3 fact that an employee's legal judgment in that regard may in fact
4 be mistaken.  Id. at 821-21 ("even if ultimately it is concluded
5 defendants' conduct did not constitute a violation of the FEHA,
6 we are not persuaded by defendant's claim that only an employee's
7 mistake of fact, and not a mistake of law, may establish an
8 employee's good faith but mistaken belief that he or she is
9 opposing conduct prohibited by the FEHA.").  In addition, like
10 Yanowitz, the Miller court also concluded that a contrary finding
11 would run counter to the fact that many employees possess limited
12 legal knowledge.  Id.

13      Although Defendants argue that both Yanowitz and Miller
14 cited approvingly to the Ninth Circuit's decision in Moyo v.
15 Gomez, 40 F.3d 982 (1994), that fact does not bolster their
16 position.  Moyo found that retaliation under Title VII could be
17 based upon an erroneous belief that an employer engaged in
18 unlawful employment practices is reasonable, if the mistake was
19 made in good faith.  Id. at 985.  While Moyo did recognize that
20 reasonableness must be based on some "objective standard", it
21 nonetheless recognized in the very same sentence that any such
22 standard must necessarily make due allowance "for the limited
23 knowledge possessed by most Title VII plaintiffs about the
24 factual and legal bases of their claims.  Id.

25      The Court is not persuaded by Defendant's contention that
26 the reasonableness of Plaintiff's belief that discrimination
27 occurred can only be measured against the state of applicable
28 substantive law.

4

Such an argument runs counter to the California Supreme Court's recognition that plaintiffs cannot be expected to have a firm command of such law. Instead, the import of California law in this area points to the conclusion that reasonableness must be determined as a factual matter by the jury, in the context of their individualized assessment of what a reasonable person would have believed under the particular circumstances present. While that determination does have an objective component, that component is not measured solely against whether a plaintiff complaint about conduct that is in fact unlawful, but instead hinges on an overall assessment that may include a myriad of other factors.

In finding Defendants liable for retaliation under FEHA, and under the terms of the proper instruction it was provided as to that liability, the jury clearly found that Plaintiff did reasonably believe that Dr. Peppercorn's treatment of Tiffany Raspberry vis-a-vis other employees was discriminatory. The Court cannot determine, as it must in order to grant judgment as a matter of law in favor of Defendants, that no reasonable jury could have found that Plaintiff's belief in that regard was reasonable. See White v. Ford Motor Co., 312 F.3d at 1010. Instead, the Court must uphold the verdict if it is supported by substantial evidence, which is defined as evidence adequate to support the jury's conclusion even if a different conclusion could have been drawn from the same evidence. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999).

///
///

1    Because the Court believes that the jury instruction at
2 issue was proper, and that there was evidence from which the jury
3 could have determined that Plaintiff reasonably believed
4 Defendant's conduct to be discriminatory, Defendants' Motion for
5 Judgment as a Matter of Law is DENIED.[2]

6    IT IS SO ORDERED.

7 Dated: November 14, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).