UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ERMA J. ALANIZ, | No. 2:05-cv-02576-MCE-DAD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| ROBERT M. PEPPERCORN, M.D., INC. and ROBERT M. PEPPERCORN, M.D., | |
| Defendants. | |

On June 26, 2008, Plaintiff Erma J. Alaniz ("Plaintiff") obtained a favorable jury verdict in the lawsuit she filed following termination of her employment with Defendants Robert M. Peppercorn, M.D., Inc. and Robert M. Peppercorn, M.D. ("Defendants"). The jury awarded Plaintiff $116,031.81 in economic damages for wage loss as a result of its determination that Plaintiff was retaliated against in violation of the California Fair Employment and Housing Act ("FEHA").

///
///

In the wake of that verdict, which was reduced to judgment on June 30, 2008, Plaintiff now seeks to recover attorney's fees incurred in litigating this action in the total amount of $515,505.00. As set forth below, that Motion will be granted in part.

## BACKGROUND

Plaintiff's lawsuit against her former employer originally included causes of action under both Title VII of the Civil Rights Act of 1964 ("Title VII") and FEHA for alleged sexual harassment, sexual discrimination and retaliation. Plaintiff also asserted a FEHA claim for failure to prevent retaliation as well as a common law state claim for intentional infliction of emotional distress. All Plaintiff's claims arise from the same set of facts, which include allegations that Plaintiff was retaliated against and ultimately terminated for protesting her employer's purported affair with another employee, Tiffany Rasberry.

Defendants moved for summary adjudication and, on May 4, 2007, this Court dismissed Plaintiff's claims under both Title VII and FEHA for sexual harassment and sexual discrimination. Summary adjudication was also granted with respect to Plaintiff's cause of action for intentional infliction of emotional distress. Plaintiff's case proceeded to trial only as to the retaliation claim under Title VII and FEHA as well as Plaintiff's claim that Defendants also failed to prevent retaliation under FEHA.

///

The jury found in favor of Plaintiff as to the two FEHA claims but rendered a defense verdict on Plaintiffs' Title VII retaliation claim.

Plaintiff's two attorneys, Alan Adelman and Elizabeth Mancl, now request itemized attorney's fees in the amount of $226,905.00 for Alan Adelman (648.3 hours at $350.00/hour) and $116,765.00 for Elizabeth Mancl (424.6 hours at $275.00/hour).  Plaintiff's counsel further urge the court to multiply the sum of those fees ($343,670.00) by a factor of 1.5 to account for the their risk and uncertainty in accepting Plaintiff's case solely on a contingency fee basis, to recognize the difficulty and complexity of the case, and in recognition of the public interest served in litigating an employment discrimination claim like this one.  A total of $515,505.00 is therefore sought.

Defendants oppose Plaintiff's fee request as excessive, alleging that Plaintiff was ultimately successful on only two of eight causes of action she initially pled, with five causes of action disposed of by summary adjudication and one claim being decided against Plaintiff following trial.  Defendants further point out that Plaintiff received damages only for past economic damages, with no future economic damages, damages for emotional distress or punitive damages being awarded.  In addition, Defendants claim that Plaintiff counsels' dual representation was unnecessary and unwarranted, and that certain charges for which reimbursement is sought are duplicative and/or inaccurate. Finally, Defendants urge the Court not to apply any multiplier as requested by Plaintiff under the circumstances of this case.
///

**STANDARD**

Under FEHA, a prevailing party is entitled to such reasonable attorney's fees and costs as the court, in its discretion, deems appropriate. Cal. Gov't Code § 12965(b). From a public policy perspective, the award of attorney's fees in employment discrimination actions is important since, "without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible." Horsford v. Board of Trustees of California State University, 132 Cal. App. 4th 359, 394 (2005), citing Flannery v. Prentice, 26 Cal. 4th 572, 582-83 (2001). Although the fee shifting statute is phrased in discretionary terms, as a practical matter, to defeat a prevailing plaintiff's claim for attorney's fees, the defendant must show "special circumstances that would render an award of those fees unjust." See Stephens v. Coldwell Banker Commercial Group, Inc., 199 Cal. App. 3d 1394, 1405. This is in accord with United States Supreme Court precedent, which recognizes that a prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1976).

In marking a fee award, "the district court must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases, and avoiding a windfall to counsel." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) (internal citations omitted).

///

4

1  In explaining the basis of its fee award, a court need not
2  provide an elaborate discussion but must be concise and clear.
3  Id.

## ANALYSIS

In determining the amount of reasonable attorney's fees to which Plaintiff is entitled, the Court must first decide the extent to which the base attorney's fees claimed by Plaintiff are recoverable. In making that assessment, the Court must first identify the applicable "lodestar" for calculating attorneys' fees.

Under the lodestar method, a court multiplies the number of hours the prevailing attorney reasonably expended on the litigation by a reasonable hourly rate. See Hensley, 461 U.S. at 433; see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) (expressly approving the use of prevailing hourly rates as a basis for the lodestar). Courts may then adjust the lodestar to reflect other aspects of the case. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Serrano v. Priest, 20 Cal. 3d 25 (1977).

With respect to determining the appropriate hourly rate, courts generally calculate a reasonable fee according to prevailing market rates in the relevant legal community. Blum v. Stenson, 465 U.S. 886, 895 (1984). The general rule is that courts use the rates of attorneys practicing in the forum district, in this case, the Eastern District of California, Sacramento.

1  Gates v. Deukmejian, 987 F.2d 1392, 1405 (1993); Davis v. Mason
2  County, 927 F.2d 1473, 1488 (9th Cir. 1991), cert. denied 502
3  U.S. 899 (1991).  The burden is on the fee applicant to produce
4  satisfactory evidence that the requested rates are "in line with
5  those prevailing in the community for similar services by lawyers
6  of reasonably comparable skill, experience and reputation."
7  Blum, 465 U.S. at 895 n.11.  A court will normally deem a rate
8  determined this way to be reasonable.  Id.
9       In this case, Defendants do not dispute the hourly rate
10 sought on behalf of either Alan Adelman or Elizabeth Mancl as
11 unreasonable.  Plaintiff has submitted declarations supporting
12 the reasonableness of those fees given the rates prevailing in
13 the Sacramento area, and the Court finds the hourly rates claimed
14 by Adelman and Mancl to be reasonable.
15      With regard to specific fee challenges voiced by Defendants,
16 the Court believes that utilizing the services of both attorneys
17 at trial was appropriate under the circumstances.  The Court
18 should not engage in speculation as to how another set of lawyers
19 may have handled the case.  See Moreno v. City of Sacramento,
20 534 F.3d at 1114.  Moreover, given the detail provided by
21 Plaintiff's counsel in their itemized records, the Court is also
22 unpersuaded by alleged discrepancies and duplication in the
23 billing statements as identified by Defendants.
24 ///
25 ///
26 ///
27 ///
28 ///

6

1 As recognized by the Ninth Circuit in Moreno,

2   "It must also be kept in mind that lawyers are not
    likely to spend unnecessary time on contingency fee
3   cases in the hope of inflating their fees.  The payoff
    is too uncertain, as to both the result and the amount
4   of the fee.  It would therefore be the highly atypical
    civil rights case where plaintiff's lawyer engages in
5   churning.  By and large, the court should defer to the
    winning lawyer's professional judgment as to how much
6   time he was required to spend on the case; after all,
    he won, and might not have, had he been more of a
7   slacker."

8 Id. at 1112.

9    The Court does believe, however, that the extent of
10 Plaintiff's success in this litigation has to be considered in
11 determining the base attorney's fees to which Plaintiff is
12 entitled.  As stated above, Plaintiff was ultimately successful
13 in only two of eight claims originally asserted.  Even though
14 Plaintiff asserts that the operative facts as well as the
15 relative complexity of the case remained the same despite the
16 number of claims being pursued, it does appear that the fees
17 expended did increase due to Plaintiff's multiple claims.  A
18 hard-fought summary judgment motion to eliminate certain of the
19 claims, for example, had to be filed, and Defendants were
20 successful in eliminating five of Plaintiff's original eight
21 causes of action through that motion.  Moreover, as detailed in
22 Defendants' opposition, certain discovery was pursued with regard
23 to theories that ultimately proved unsuccessful.  Plaintiff's
24 relative success is a factor that should be considered in
25 assessing reasonable attorney's fees.
26 ///
27 ///
28 ///

7

See Sokolow v. County of San Mateo, 213 Cal. App. 3d 231, 249-50 (1989).[1]  In addition to failing to prevail on the majority of claims she initially pursued, Plaintiff's damage award was also relatively modest and reflected only past economic loss, with other economic loss, economic distress and punitive damages being rejected.  While the ratio of damages to attorney's fees is not dispositive in determining the reasonableness of such fees,[2] the amount of damages is nonetheless relevant in determining an attorney's fee award.  See Montgomery v. Bio-Med Specialities, Inc., 183 Cal. App. 3d 1291, 1298 (1986); City of Riverside v. Rivera, 477 U.S. 561, 574 (1986).  The extent to which Plaintiff did not prevail in this litigation causes the Court to conclude that the base amount for attorney's fees should be reduced by twenty-five percent, or $85,917,50, to $257,752.50.

    The Court must next consider whether this reduced amount should be subject to a fee enhancement.  While a multiplier is appropriate where a lawsuit clearly serves the public interest, that reasoning does not apply if the lawsuit is brought primarily to vindicate a plaintiff's own personal rights and economic interests, rather than inure to the benefit of the public as a whole.

---

[1] In addition, where, as here, it is difficult to segregate successful and unsuccessful claims, a percentage reduction akin to a "negative multiplier" is appropriate in order to account for a litigant's partial success.  See Californians for Responsible Taxes Mgmt. v. Kizer, 211 Cal. App. 3d 961, 975 (1989).

[2] See Vo v. Las Virgenes Municipal Water Dist., 79 Cal. App. 4th 440, 442-45 (2000) (affirming attorney's fee award of $470,000.00 on a $37,500.00 verdict); City of Riverside v. Rivera, 477 U.S. 561 (award of attorney's fees exceeding $245,000.00 upheld where damages awarded just exceeded $33,000.00).

8

See Flannery v. California Highway Patrol, 61 Cal. App. 4th 629, 636-37 (1998); Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 1170-71 (1998).  Because the Court believes that this lawsuit related more to Plaintiff's personal grievances than to any more overarching objective in eliminating unlawful discrimination / retaliation on behalf of the public as a whole, the Court rejects imposition of any fee enhancement in the form of a multiplier. In addition, while a multiplier may be in order if the legal issues involved in the case are particularly novel or difficult (see Ketchum v. Moses, 24 Cal. 4th at 1132), the Court does not believe that factor supports a fee enhancement, either.

**CONCLUSION**

Given the foregoing, Plaintiff's Motion for Attorney's Fees is GRANTED[3] in the amount of $257,752.50.  Said sum shall be paid to Plaintiff's counsel not later than thirty (30) days following the date of this Order.

IT IS SO ORDERED.

Dated: November 21, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

9